IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Steve Jolly, | ) | C/A No.: 1:10-1158-TLW-SVH |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Major Johnson, Captain Stafford, Officer Updegraff, and Tom Fox, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was a pretrial detainee at J. Reuben Long Detention Center ("JRLDC"). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. Because the motion for summary judgment is dispositive, this Report and Recommendation is entered for review by the district judge.

I.     Factual and Procedural Background

Plaintiff filed his complaint on May 10, 2010, alleging that: (1) Defendants held, delayed, read, tampered with, and copied his mail, including a letter from the South Carolina Supreme Court that was marked "PERSONAL AND CONFIDENTIAL" and was opened outside of his presence; and (2) Defendant Updegraff and an unnamed officer confiscated his personal and legal mail and the mail was not returned to him until

two hours later. [Entry #1]. Plaintiff claims Defendants' actions have violated his Fourteenth Amendment rights. *Id.*

Defendants filed their motion for summary judgment on October 22, 2010. [Entry #35]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the Defendants' motions. [Entry #36]. Plaintiff filed a timely response on November 15, 2010. [Entry #40]. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that Defendants' motion for summary judgment be granted.

II.   Discussion

   A.   Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.

2

Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." *Id.* The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."

    B.    Analysis

        1.    Opening of Mail

Plaintiff claims Defendants have tampered with his mail, which he claims is a violation of his due process rights. First, Plaintiff complains that a letter from the South Carolina Supreme Court that was marked "PERSONAL AND CONFIDENTIAL" was opened outside of his presence. Defendants assert that the legal sender must be identified in order to be classified as legal mail. [Entry #35-2 at 10]. In his response to Defendants' motion for summary judgment, Plaintiff attached a copy of the envelope. The envelope does not indicate that it is from the South Carolina Supreme Court and contains only a Post Office Box in the return address.

The mere opening of an inmate's incoming personal mail in his absence does not raise a claim of constitutional magnitude. *Kershaw v. Padula*, 2011 WL 1750222, *5, C/A No. 6:10-951-MBS-KFM (D.S.C. April 6, 2011) (citing *Sterling–Earl v. Gray, C.A.* No. 7:06cv00196, 2006 WL 1318367, at 6–7 (W.D.Va. 2006)). However, different standards apply regarding the inspection of personal versus legal mail. *Altizer v. Deeds*, 191 F.3d 540, 548–49, n. 14 (4th Cir.1999). Here, Plaintiff has not shown that Defendants had any knowledge that the envelope opened was legal mail, and therefore it was not required to be opened in Plaintiff's presence. If such mail is not so marked, it may be opened outside an inmate's presence. *United States v. Stotts*, 925 F.2d 83, 88–90 (4th Cir. 1991). Additionally, Plaintiff's general claim that his mail was being held, delayed, read, tampered with, and copied is too vague for constitutional scrutiny and is not substantiated by any evidence. Accordingly, the undersigned submits Defendants be granted summary judgment on this claim.

    3.    Confiscating of Mail

Plaintiff also claims Defendant Updegraff confiscated all mail from Plaintiff's cell and returned it two hours later. Plaintiff claims this has "compromised [his] legal case" and that Defendants now "know everything [he] and [his] lawyer discussed." Compl. at 3 [Entry #1].

The Fourth Circuit has held that the opening and inspection of an inmate's mail is reasonably related to legitimate penological interests, and therefore, constitutional. *Altizer v. Deeds*, 191 F.3d 540, 547–548 (4th Cir.1999). However, in a footnote, the court also

4

noted that "[i]nspecting an inmate's legal mail may implicate the inmate's Sixth Amendment right to communicate freely with his attorney in a criminal case." *Id.* at 549, n. 14 (citing *Wolff v. McDonnell*, 418 U.S. 539, 575 (1974)). To establish that his rights have been violated by Defendants, Plaintiff must demonstrate that there was some actual harm or prejudice to his ability to communicate with the court or counsel. *Lewis v. Casey*, 518 U.S. 343 (1996); *see also Lloyd v. Vincent*, C.A. No. 4:03–1546–25H, 2004 WL 3249250, *4 (D.S.C.2004) ("To state a claim based on delay or nondelivery of legal mail, a prisoner must allege adverse consequences as a basis for the allegation that the delay or nondelivery deprived him of meaningful access to the courts.").

Here, Plaintiff has set forth only conclusory allegations that Updegraff's actions have compromised his case, but he states no specific adverse consequences. Plaintiff does not provide any details, such as a case number, to show that a specific case has been compromised, nor does he provide any details about the mail allegedly confiscated such as the name of the attorney sending the communication or the general subject of the communication. Therefore, because Plaintiff has failed to allege any harm or adverse consequences, it is recommended that Defendants be granted summary judgment.[1]

---

[1] In Plaintiff's response to summary judgment, he alleges for the first time that Officer Zais, who is not a party to this action, opened a piece of mail outside of his presence on April 8, 2010. Assuming, without deciding, that it was legal mail, Plaintiff has nevertheless failed to demonstrate he suffered harm or adverse consequences as a result. Therefore, Plaintiff cannot survive summary judgment based on this new allegation.

III.    Conclusion

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment [Entry #35] be granted and this case be dismissed in its entirety. If the district judge accepts this recommendation, Plaintiff's motion to compel [Entry #34] will be moot.

IT IS SO RECOMMENDED.

June 30, 2011                                             Shiva V. Hodges
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**